IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KENNETH HUDDLESTON, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 05-1785-TC |
| | ) | |
| v. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| BRIAN BELLEQUE, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

COFFIN, Magistrate Judge.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging a March 17, 2004, decision by the Oregon Board of Parole and Post-Prison Supervision ("Board") in which it deferred petitioner's release date for 24 months.[1]

---

[1] A March 22, 2006, Parole Board action deferred petitioner's release date for an additional 24 months. Therefore petitioner's

1 - FINDINGS AND RECOMMENDATION

To proceed with a federal habeas corpus petition, 28 U.S.C § 2254(b)(1) requires petitioners to "exhaust" state remedies on all claims alleged in the petition, unless it appears there is an absence of state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights.[2] Generally, this exhaustion requirement is satisfied if a petitioner "fairly presents" his federal claims to the appropriate state court, thereby "afford[ing] the state courts meaningful opportunity to consider [the] allegations of legal error."  Vasquez v. Hillary, 474 U.S. 254, 257 (1986) (quoting Picard v. Conner, 404 U.S. 270, 275-76 (1971).  The exhaustion requirement's purpose is "to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoner's federal

---

present projected release date is September 25, 2008. Petitioner challenged the March 22, 2006, Parole Board action in a habeas corpus proceeding, Civ. No. 06-671-TC. Petitioner's §2254 petition was dismissed without prejudice on the ground that petitioner failed to exhaust state remedies with respect to his claim.

[2] 28 U.S.C. § 2254(b)(2) (1977) allows federal courts to *deny* applications for habeas corpus relief on the merits notwithstanding an applicants failure to exhaust available state remedies, if it will save state and federal judicial resources. See, Liebman andd Hertz, *Federal Habeas Corpus Practice and Procedure*, 1996 Cumulative Supplement to Volumns 1 and 2, pg. 161 (2nd Ed. 1996).

2 - FINDINGS AND RECOMMENDATION

rights ..." Duncan v. Henry, 513 U.S. 364, 365 (1995).

In Rose v. Lundy 455 U.S. 509 (1982), the United States Supreme Court indicated that the exhaustion requirement's touchstone is that no state remedies are available when the § 2254 petition is filed. All state remedies are unavailable when the federal claims have been "fairly presented to the highest state court. Picard v. Conner, supra,; Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir. 1984). A claim is "fairly presented" if the legal basis of the federal constitutional claim is actually addressed; merely detailing the facts surrounding a claim is insufficient. Picard v. Conner, supra; Anderson v. Harless, 459 U.S. 4 (1982). See also, Duncan v. Henry, supra. Additionally, a claim is not fairly presented and therefore unavailable if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim first raised on petition for discretionary review to state Supreme Court).

Furthermore, petitioners must exhaust their claims by presenting them to the state courts even if doing so appears futile. In Engle v. Isaac, 456 U.S. 107 (1982), the Court said: "If a defendant perceives a constitutional claim and

3 - FINDINGS AND RECOMMENDATION

believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even if a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid. 456 U.S. at 130; see also, Noltie v. Peterson, 9 F.3d 802, 805-806 (9th Cir. 1993) (rejecting futility doctrine argument and requiring petitioner to present his claim to the Washington Supreme Court even though petitioner argued that the court already rejected his claim).

If any of a petitioner's claims are not exhausted at the time his federal habeas corpus petition is filed, district courts should dismiss the petition. In Coleman v. Thompson, 501 U.S. 722 (1993), the Court stated that "[t]his Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims ... This exhaustion requirement is ... grounded in principles of comity.]" Id. at 722 See also, James v. Borg, 24 F.3d 20, 24 (9th Cir) ("In general, a habeas petition should be dismissed if a petitioner has failed to exhaust state remedies as to even one claim") cert. denied, 115 S.Ct. 333 (1994).

4 - FINDINGS AND RECOMMENDATION

Finally, the appropriate time to determine whether claims are exhausted is the date the petitioner files his federal habeas corpus petition. "The appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." Brown v. Maass, 11 F.3d 914, 915 (9th Cir. 1993). (citing White v. Lewis, 874 F.2d 599, 602 (9th Cir. 1989); Mathis v. Oshiro, 683 F.2d 318, 321 (1981)). If an available state remedy still exists when the petition is filed, the proper ground for dismissing the petition is failure to exhaust, not procedural default. Id at 914.

Petitioner sought review of BAF #5 (the Board decision at issue in this proceeding), but the Board denied relief in an Administrative Response dated January 6, 2006. See, Exhibits to Answer (#16), Exhibit 104.

On October 10, 2005, petitioner filed a petition for writ of habeas corpus challenging the Board's decision in Marion County Circuit Case No. 05C18422. The court dismissed the case (without prejudice) on the state's motion, Exhibits to Answer (#16) Exhibits, 105-108. Petitioner did not appeal the dismissal.

5 - FINDINGS AND RECOMMENDATION

On January 25, 2006, petitioner filed a petition for review of the Board's decision in the Oregon Court of Appeals, Case No. A131101. Exhibits to Answer (#16) Exhibit 110. At the time petitioner filed his petition in this proceeding, the Oregon Court Appeals action was pending. Exhibits to Answer (#16), Exhibit 109.

Respondent contends that the petition before the court should be denied without prejudice on the ground that petitioner is "still litigating" his petition for judicial review of the Board action challenged in this proceeding and has therefore had not exhausted his state remedies at the time he filed for federal habeas corpus relief.

Petitioner concedes that "Respondent's argument on its face appears to be correct" but argues that it is "incomplete and misleading because the respondent [leaves out] the facts that the State of Oregon with the Parole Board took away Petitioner's State Habeas Corpus process in order to prevent any timely challenges to the Board's invalid orders for up to 24 months." Petitioner's Reply (#18), p. 5-6. Petitioner argues that the alleged prejudicial delay in the state process renders the "state process ineffective to protect petitioner's rights." Petition (#2) p. 6.

6 - FINDINGS AND RECOMMENDATION

Petitioner's claim in this proceeding is that there was insufficient evidence to support the Board's finding that petitioner suffers from a present severe emotional disturbance that constitutes a danger to the health or safety of the community, or that there was evidence to contradict that finding.

Under these circumstances, a "delay" in the state judicial process does not render that process futile or ineffective to protect petitioner's rights.

Petitioner had not exhausted his available state remedies with respect to the Board action deferring his parole release date at the time he filed his 28 U.S.C. § 2254 petition. [3] Therefore, the Petition (#2) should be denied without prejudice. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten days from the date of service of a copy of this

---

[3] As noted above, it is immaterial whether the state court proceedings are *now* completed.

7 - FINDINGS AND RECOMMENDATION

recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judges's recommendation.

DATED this 5 day of February, 2007.

_____
Thomas M. Coffin
United States Magistrate Judge